IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELODY A. RUSSELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-2983 |
| MEDICAL BUSINESS BUREAU, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Melody A. Russell ("Plaintiff" or "Russell") brought this action against Defendant Medical Business Bureau, LLC ("Defendant" or "MBB"), alleging improper debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); the Maryland Consumer Debt Collection Act, MD. CODE ANN., COM. LAW, § 14-201, et seq. ("MCDCA"); and the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW, § 13-301, et seq. ("MCPA"). *See* Compl., ECF No. 1. Currently pending before this Court is Defendant's Motion to Dismiss the Complaint for lack of personal jurisdiction[1] and for failure to state a claim for relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 8). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Defendant Medical Business Bureau, LLC's Motion to Dismiss the Complaint

---

[1] While the Defendant did not reference Rule 12(b)(2) of the Federal Rules of Civil Procedure, personal jurisdiction is to be challenged under this rule.

1

(ECF No. 8) is GRANTED for lack of personal jurisdiction, and Plaintiff's claims against MBB are DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

In ruling on Defendant's Motion to Dismiss, this Court accepts as true the facts alleged in Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Melody A. Russell ("Plaintiff" or "Russell") resides in Glen Burnie, Maryland, and is a consumer under the terms of the Fair Debt Collection Practices Act ("FDCPA"). *See* Compl. ¶¶ 3, 5. Defendant Medical Business Bureau, LLC ("Defendant" or "MBB"), while not a licensed collection agency in the State of Maryland, is a debt collector under the terms of the FDCPA and a collector under the Maryland Consumer Debt Collection Act ("MCDCA"). *Id.* ¶¶ 4, 6-7. Defendant lists 1460 Renaissance Drive, Park Ridge, Illinois, 60068 as its mailing address and principal place of business. *Id.* ¶ 4.

While Plaintiff claims that Defendant communicated with her or others within the year prior to her filing of the Complaint "in connection with collection efforts with regard to Plaintiff's disputed personal debt," *Id.* ¶ 8, she specifically claims that she contacted an agent of the Defendant on or about August 29, 2012 and spoke with that collection agent. *Id.* ¶ 10. Plaintiff informed the Defendant that her debt was paid in full, but Defendant, having allegedly "failed to advise the Plaintiff of the required notice pursuant to § 1692e(11),"[2]

---

[2] 15 U.S.C. § 1692e(11) prohibits:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

2

threatened to adversely affect Plaintiff's credit rating, claiming that her debt had already been reported to the credit bureaus. *Id.* ¶¶ 11-13. The Complaint very specifically alleges that Russell, on her own initiative, contacted an agent of Medical Business Bureau.

Plaintiff filed the subject Complaint in this Court (ECF No. 1) on October 9, 2012, alleging that Defendant's "collection efforts" violated the FDCPA, that Defendant's "acts and practices as to Plaintiff" violated the MCDCA, and that Defendant committed "unfair or deceptive acts or practices" in violation of the Maryland Consumer Protection Act ("MCPA"). On January 14, 2013, Defendant filed a Motion to Dismiss the Complaint (ECF No. 8) for lack of personal jurisdiction and for failure to state a claim for relief. Despite receiving an extended filing deadline (ECF No. 10), Plaintiff has not filed a Response to Defendant's Motion.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(2), when a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving grounds for jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). This requires the plaintiff to produce competent evidence to sustain jurisdiction. *Nichols v. G.D. Searle & Co.*, 783 F.Supp. 233, 235 (D. Md. 1992). If the court is deciding the issue without a hearing, the plaintiff is only required to make a *prima facie* showing of jurisdiction. *Mylan*, 2 F.3d at 60. In considering "all relevant pleading allegations in the light most favorable to the plaintiff," the court must draw all "reasonable inferences" in the plaintiff's favor. *Id.* at 60–62.

A federal district court may exercise personal jurisdiction over a nonresident defendant "if two conditions [are] satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of the jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)); *see also Mackey v. Compass Mktg.*, 892 A.2d 479, 486 (Md. 2006). The Court of Appeals of Maryland recently reiterated this two-step process. *Mackey*, 892 A.2d at 486; *see also id.* at 493 n.6 (explaining that the court's prior statements that "our statutory inquiry merges with our constitutional examination" does not "mean . . . that it is now permissible to simply dispense with analysis under the long-arm statute"). Thus, a plaintiff must "identify a specific Maryland statutory provision authorizing jurisdiction." *Ottenheimer Publishers, Inc., v. Playmore Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 7104 n. 1 (D. Md. 2004). In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state that requiring it to defend itself within the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).[3]

---

[3] The standard of review under Rule 12(b)(6) for failure to state a claim for which relief can be granted has been well summarized by the United States Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In light of this Court's rulings with respect to lack of personal jurisdiction, this Court does not address the failure to state a claim argument.

## ANALYSIS

Defendant MBB argues that this Court lacks both general and specific personal jurisdiction over MBB, because MBB has no connections to Maryland aside from the one phone call that Plaintiff, a Maryland citizen, claims to have made to MBB. *See* Br. in Supp. Mot. to Dismiss p. 6, ECF No. 8-1. According to Defendant, MBB did not engage in the pervasive, persistent, extensive, or systematic contacts necessary to establish general personal jurisdiction or to bring MBB within the terms of the Maryland long-arm statute.[4] *Id.* Furthermore, MBB did not purposely direct its activities toward residents of Maryland, as required to establish specific personal jurisdiction. *Id.* Plaintiff has not responded to Defendant's arguments.

In order for a court to exercise personal jurisdiction over a non-resident defendant, two conditions must be satisfied: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396. The analysis of personal jurisdiction begins with a recognition of the distinction between general

---

[4] The Maryland Long–Arm Statute, Md. Code. ANN., CTS. & JUD. PROC. § 6-103, provides that:

(b) A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;
(2) Contracts to supply goods, food, services, or manufactured products in the State;
(3) Causes tortious injury in the State by an act or omission in the State;
(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
(5) Has an interest in, uses, or possesses real property in the State; or
(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

jurisdiction and specific jurisdiction. General and specific jurisdiction require separate analyses to determine whether the exercise of *in personam* jurisdiction also comports with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. While personal jurisdiction can be based on either general or specific jurisdiction, the distinction is important. General jurisdiction arises where the defendant maintains "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). In contrast, due process allows an assertion of specific personal jurisdiction over an out-of-state defendant only if the defendant has "purposefully directed his activities at residents of the forum state . . . and the litigation results from alleged injuries that arise out of or relate to those activities," unless the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted).

In *Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 354 (D. Md. 1997), this Court granted a motion to dismiss for lack of general and specific personal jurisdiction where Defendant's contacts with Maryland "consisted entirely of telephonic (voice and facsimile) exchanges and mail correspondence from without the state." In its analysis, this Court cited its previous decision in *Leather Masters (PVT) Ltd. v. Giampier Ltd.*, 836 F. Supp. 328, 331 (D. Md. 1993), where it held that "without more, communications made from outside the State to a Maryland resident are not enough to justify the exercise of personal jurisdiction over an out-of-state defendant." Moreover, in *Coating Engineers, Ltd. v. Electric Motor Repair, Co.*, 826 F. Supp. 147, 149 (D. Md. 1993), this Court held that a

6

defendant's telephone conversations with a party in Maryland did not constitute purposeful activity within Maryland to confer jurisdiction under the Maryland long-arm statute.

Here, Plaintiff alleges even less contact between Defendant and the State of Maryland than did the plaintiff in *Ritz Camera*. In contrast to the telephonic and mail exchanges in *Ritz Camera*, Plaintiff alleges only that she communicated with Defendant MBB through one telephone conversation, which she initiated. Following this Court's precedent in *Ritz Camera*, *Leather Masters*, and *Coating Engineers*, it is clear that one telephone conversation, which the Defendant did not even initiate, cannot justify an exercise of personal jurisdiction.

Moreover, Defendant submitted the sworn affidavit of Terri Blye, the Vice President of Production at MBB, who states that MBB "does not conduct or solicit business in the State of Maryland" and "does not have and never has had a place of business or employees in Maryland." *See* Aff. Terri Blye p. 1, ECF No 8-2. Blye further claims that MBB "does not solicit Maryland residents' debts for collection," "does not place debt collection calls to Maryland," and "owns no property in the State of Maryland." *Id.* Finally, Blye states that MBB "performs no services for companies or businesses located within the State of Maryland," "did not send any correspondence to Melody Russell in Maryland," and "did not place any outgoing telephone calls to the State of Maryland to contact Melody Russell."

In light of the evidence before this Court, Plaintiff has not made a *prima facie* showing of either general or specific personal jurisdiction because she has not alleged that Defendant had continuous contacts with the State of Maryland or that Defendant purposely directed its activities at Maryland residents. Finding that this Court lacks personal jurisdiction, Defendant MBB's Motion to Dismiss the Complaint (ECF No. 8) is GRANTED

## CONCLUSION

For the reasons stated above, Defendant Medical Business Bureau, LLC's Motion to Dismiss the Complaint (ECF No. 8) is GRANTED for lack of personal jurisdiction, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Dated: July 19, 2013

      /s/
Richard D. Bennett
United States District Judge